**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION**

IN RE:

THERESA HANEY                                                                                   CASE NO. 97-70937

DEBTOR

THERESA HANEY                                                                                   PLAINTIFF

V.                                                                                              ADV. CASE NO. 11-7024

EDUCATIONAL CREDIT MANAGEMENT                                                                   DEFENDANT
CORPORATION

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant Educational Credit Management Corporation's ("ECMC") Motion to Dismiss the Plaintiff's Complaint seeking damages for violation of the discharge injunction pursuant to 11 U.S.C. §524. The Defendant ECMC seeks dismissal of the Plaintiff Debtor's Complaint on the basis that the underlying student loan debt at issue was not discharged in the Plaintiff's Chapter 13 bankruptcy and thus ECMC's post-discharge collection efforts did not violate the discharge injunction. For the following reasons, the Court shall grant the Defendant's Motion to Dismiss.

**Facts**

The following facts are based on the facts as alleged by the Debtor in the Debtor's Complaint and the underlying Chapter 13 record, incorporated by reference in the Debtor's Complaint. The Debtor filed a Chapter 13 bankruptcy case on September 8, 1997, listing Kentucky Higher Education Assistance Authority ("KHEAA") as a creditor holding an unsecured nonpriority claim on Schedule F. KHEAA was the only creditor listed on the Debtor's petition and the creditor mailing list. The same day, the Debtor proposed a plan (the "Plan") that stated creditors holding allowed unsecured claims shall be paid to the greatest extent possible from

1

payments made by the debtor over a period of sixty months. No one objected to the Plan and it was confirmed on December 19, 1997.

Shortly after confirmation of the Debtor's Plan, KHEAA assigned the Debtor's student loan debt to ECMC. ECMC then filed a proof of claim in the amount of $24,870.81 on February 2, 1998, to which the Debtor did not object and the claim was allowed.[1] No adversary proceedings were filed by any party during the term of the Plan to determine the dischargeability of this student loan debt. ECMC was paid a total of $11,962.70 through the Plan. On January 27, 2003, a standard discharge order (the "Discharge Order") was entered stating that the Debtor "is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. §502, except any debt…(c) for a student loan or educational benefit overpayment as specified in 11 U.S.C. §523(a)(8)." The case was subsequently closed.

Beginning sometime in 2010, ECMC resumed collection activity against the Debtor for the balance of her student loan debt and began garnishing her wages as of July 29, 2011. On August 6, 2011, the Debtor moved to reopen her bankruptcy to file an adversary proceeding seeking to enforce the discharge injunction against collection of her student loan debt. The case was re-opened and the Debtor filed the underlying adversary proceeding alleging two counts: (1) the student loan debt was discharged as a matter of law (Count I); and (2) the Plaintiff is entitled to sanctions and attorneys fees for the Defendant ECMC's violation of the discharge injunction (Count II). ECMC moved to dismiss.

## Discussion

The Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §1409.

The Defendant ECMC has moved to dismiss both counts of the Complaint because (1) the student loan debt was not discharged; and (2) there is no violation of the discharge

---

[1] Only one other proof of claim was filed, but it was disallowed.

2

injunction.  ECMC argues that because the Debtor did not seek a dischargeability determination in an adversary proceeding, §523(a)(8) is self-executing and the Debtor's student loan debt is presumptively non-dischargeable.  ECMC concludes that if the student loan debt was not discharged, then any collection efforts on the student loan debt after the Discharge Order was entered are not in violation of the discharge injunction.

The Debtor's response counters by raising, for the first time, the argument that her student loan debt was more than seven years old at the time the Debtor filed for Chapter 13 bankruptcy and was therefore discharged pursuant to a prior version of §523(a)(8), then in effect, which made student loans non-dischargeable unless the loans first became due more than seven years before the debtor filed bankruptcy.  The Debtor's response also argues, consistent with her Complaint, that the student loan debt owed to ECMC was discharged by confirmation of the Debtor's Plan, which is *res judicata* as to all issues which were decided or could have been decided at the confirmation hearing.  The Debtor relies on *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367 (2010) in support of her *res judicata* argument.

"[T]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In reviewing a motion to dismiss for failure to state a claim, this Court must accept the factual allegations in the pleading as true, but "need not accept as true legal conclusions or unwarranted factual inferences." *Gahafer v. Ford Motor Company*, 328 F.3d 859, 861 (6th Cir. 2003) (*quoting Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).  In determining whether a complaint states a plausible claim for relief, the Court may consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the Court may take judicial notice.  *See First Mercury Ins.*

*Co. v. Christopher K Corp.*, 2010 WL 4683928, *2 (E.D. Mich. November 10, 2010) (citing 2 James Wm. Moore *et al.*, MOORE'S FEDERAL PRACTICE §12.34[2] (3d ed. 2000)).

In considering the underlying Chapter 13 record, incorporated by reference in the Debtor's Complaint, and taking the factual allegations made by the Debtor in her Complaint as true, Count I of the Debtor's Complaint should be dismissed. According to the Debtor's Complaint and the Chapter 13 record, the Debtor's confirmed Plan proposed to pay creditors holding allowed unsecured claims to the greatest extent possible from payments to be made by the Debtor as provided for in the Plan for a period of sixty months. The Complaint does not allege nor does the Plan have any provision that specifically addresses the age or discharge of the Debtor's student loan debt owed to ECMC. Similarly, as reviewed above, the Discharge Order's language is generic and does not specifically address the dischargeability of the Debtor's student loan debt owed to ECMC. Moreover, this determination could not have been made in connection with confirmation absent either the filing of an adversary proceeding (*see* Fed. R. Bankr. P. 7001(6)) or other express provision of the Plan.

The Debtor's reliance on *Espinosa* to support her *res judicata* argument is misplaced. In *Espinosa* the confirmed plan contained an express provision proposing to pay the principal of the student loan debt and discharge the accrued interest despite having neither initiated an adversary proceeding or obtaining an "undue hardship" determination. *Espinosa*, 130 S.Ct. at 1374-1375. The creditor did not object to confirmation of the plan, the plan was confirmed and the discharge order entered. The creditor later sought to set aside the discharge order as void pursuant to Fed. R. Civ. P. 60(b)(4) (made applicable by Fed. R. Bankr. P. 9024). *Id.* The Supreme Court held that the debt was discharged in error, but the error was not jurisdictional and the discharge order was not void pursuant to Fed. R. Civ. P. 60(b)(4). *Id. at* 1377.

This is not the situation here. The Debtor's Plan does not contain an express provision purporting to discharge the Debtor's student loan debt to ECMC. Furthermore, ECMC is not

4

seeking to set aside a discharge order as void pursuant to Fed. R. Civ. P. 60(b)(4). *Espinosa* is not applicable. Based on these facts, this Court cannot conclude that entry of the discharge order is *res judicata* as to the issue of dischargeability of the Debtor's student loan debt. Neither the confirmation of the Plan nor the entry of the generic Discharge Order made such a determination.

As noted above, the Debtor has argued *in her response to ECMC's Motion to Dismiss* that the student loan debt was discharged pursuant to a prior version of 11 U.S.C. §523(a)(8) despite having failed to file an adversary proceeding seeking a dischargeability determination. Under this prior version of §523(a)(8), and in particular §523(a)(8)(A), a student loan could be discharged if a student loan "first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition." This version was eliminated after October 7, 1998. However, the Debtor's Complaint fails to make sufficient factual allegations to support the argument made in her response regarding the seven year exception. In evaluating the Debtor's Complaint to determine if it can survive a motion to dismiss, the Court is limited to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the Court may take judicial notice. *See First Mercury Ins. Co.*, 2010 WL 4683928 at *2. Facts alleged for the first time in motions or the related briefs may not be considered. While either party could have brought an adversary proceeding to determine the seven year dischargeability issue under the prior version of §523(a)(8), neither party has and this issue is not properly before this Court. Accordingly, Count I shall be dismissed.

Finally, ECMC's Motion as to Count II of the Complaint shall be granted as well. The Debtor is precluded from seeking a violation of the discharge injunction through an adversary proceeding and is limited to seeking contempt, if any, by motion in the main bankruptcy case. *See Frambes v. Nuvell National Auto Finance, LLC (In re Frambes)*, 454 B.R. 437 (Bankr. E.D.

Ky. 2011) (*citing Pertuso v. Ford Motor Credit Company*, 233 F.3d 417 (6th Cir. 2000)).  For this reason, the Debtor's Count II for violation of the discharge injunction must be dismissed.

### Conclusion

For the reasons stated herein, the Defendant ECMC's Motion to Dismiss shall be granted.   A separate order shall be entered accordingly.


Copies To:

John Hansen, Esq.

Adam Kegley, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, November 30, 2011**
**(tnw)**